# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | CRIMINAL NO. 4:04CR18 |
| v. § | |
| § | |
| CHARLES EDWARD PHILLIPS § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 17, 2010 to determine whether the Defendant violated his supervised release. The Defendant was represented by Ron Huff. The Government was represented by Shamoil Shipchandler.

On August 18, 2004, the Defendant was sentenced by the Honorable Leonard Davis, United States District Judge, to 41 months imprisonment followed by a 3-year term of supervised release for the offense of possession of an unregistered firearm. Defendant's sentence was then corrected on remand to 32 months imprisonment followed by a 3-year term of supervised release. Defendant began his term of supervision on February 9, 2007.

1

On February 1, 2010, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 56). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon; (3) Defendant shall report to the probation office officer and shall submit a truthful and complete written report within the first five days of each month; (4) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (5) Defendant shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer; and (6) Defendant shall provide the probation officer with access to any requested probation officer with access to any requested financial information for purpose of monitoring Defendant's efforts at obtaining and maintaining gainful employment.

The petition alleges that Defendant committed the following violations. First, it is alleged that, on January 22, 2010, agents with the Bureau of Alcohol, Tobacco, and Firearms along with the U.S. Marshal Service and Denison, Texas, Police Department working in an undercover capacity arranged to purchase a firearm that was advertised in the Harold Democrat Newspaper. Officers established surveillance of Defendant's residence and then contacted a woman named Natalie Robertson who requested a meeting at a parking lot in Denison for the exchange of the firearm. According to the petition, officers observed a gold Plymouth Caravan leave the residence, followed by a white Chevrolet pickup truck driven by Defendant. Officers detained Ms. Robertson in the

parking lot after the sale of a Savage Arms, Model Savage, 24D-Serious M, .2 caliber/.410 gauge over/under single shot long gun, Serial Number B208378. Agents then activated their emergency red and blue lights on the Government-owned vehicle in an attempt to stop the truck driven by Defendant. According to the Government, Defendant looked directly into the side door mirror of the Government vehicle, accelerated in reverse, striking the front of the Government vehicle with enough force to cause the vehicle, which was in drive, to travel backwards. Defendant then eluded law enforcement until his arrest on January 26, 2010.

Following the arrest of Ms. Robertson on January 22, 2010, consent was obtained by her to search the residence shared by Ms. Robertson and Defendant. According to the petition, officers located a Browning Arms Company, Model Buckmark, .2 caliber pistol, serial number 655NY11393 in a non-working wood burning stove on the first floor. The firearm had a magazine containing 10 rounds of Remington .22 caliber ammunition inserted into the firearm. The pistol was contained in a black soft-sided handgun case along with a box containing 38 rounds of Remington .22 caliber subsonic ammunition. Also located in the case was one round of Winchester .410 gauge ammunition on a work table along with a prescription bottle of medication for Defendant, and plastic baggie containing marijuana and nine rounds of assorted .22 caliber ammunition. In a large metal container, officers also located a tool chest which contained one round of Winchester 12 gauge heavy game ammunition and one round of Federal 12 gauge 00 buck ammunition. Four spent rounds of Winchester .410 gauge ammunition were located on the ground.

The petition further alleges that a criminal complaint was filed in this district on January 25, 2010, charging Defendant with violating 18 U.S.C. §922(a)(1), Felon in Possession of Firearms. Defendant has been arraigned on these charges.

In addition to the allegations regarding Defendant's possession of firearms and evading law enforcement, the petition also makes the following allegations regarding technical violations of Defendant's conditions of supervised release: (1) Defendant failed to submit a written monthly report by the 5th of each month for the months of October, November and December 2009; (2) on January 2, 2010, a home visit was conducted by Jamie Perrenoud and Myra Kirkwood at 3501 Ransom Circle, Denison, Texas 75020, Defendant's mother advised her that Defendant did not reside in the residence and had not since November 2009, she provided Defendant's new address and his roommate's name, and, on January 7, 2010, a delinquent written monthly report was received with Defendant's new address at 838 River Oak, Denison, Texas, noting a move date of December 24, 2009; (3) on January 11, 2010, a letter was mailed to Defendant at 838 River Oak, Denison, Texas 75020, instructing him to report to the U.S. Probation Office in Plano, Texas on January 19, 2010, and on January 16, 2010, the letter was returned to the U.S. Probation Office as undeliverable; (4) on January 19, 2010, Defendant's landlord called the U.S. Probation Office and advised that he lived with her granddaughter and moved into the residence in November 2009, and she further advised that he removed the mailbox and obtained a Post Office Box, which he had not disclosed to the U.S. Probation Office; (5) Defendant has made himself unavailable for supervision by telephone calls and written correspondence by the U.S. Probation Office and his whereabout is unknown; and (6)

Defendant has failed to submit self-employment documentation for the months of October and November 2008 and January, February, March, April, May, June, July, August, September, October, November and December 2009.

At the hearing, Defendant entered a plea of not true to the alleged violations of conditions of his supervised release.

The Court heard testimony from U.S. Probation Officer Jamie Perrenoud in support of the Government's allegations. Perrenoud testified about the allegations regarding the January 22, 2010 incident, including the evasion from law enforcement, and the allegations regarding the search of the residence set forth in the petition. Perrenoud conceded that she was not present for these events but was reciting what was contained in the petition and the affidavit filed in the companion criminal case.

Perenoud testified that Irene Flaherty contacted her about Defendant. Flaherty said she believed Defendant had firearms and was using drugs and had placed an add to sell firearms in the newspaper.

Perrenoud also testified about Defendant's various technical violations of his supervised release, including submitting late reports, failing to keep her updated of his address, and failing to provide her with income statements. Pereenoud conceded, however, that the reports were ultimately submitted and no more than 5 days late. Perrenoud also conceded that Defendant is self-employed and that it was possible that he failed to submit reports because he had no income during those months.

Defendant called Irene Flaherty. Flaherty testified that she is the grandmother of Natalie Robertson, who is the mother of Defendant's grandchildren. Flaherty testified that she called Defendant's probation officer because she was trying to keep him in compliance and wanted the probation officer to have Defendant's correct address because it was hard to locate. Defendant was apparently living on property owned by Flaherty at the time of his arrest. Flaherty was also apparently concerned that Defendant's phone number was listed in an add for the sale of firearms. According to Flaherty's testimony, she believes it was her granddaughter — and not Defendant – who was in possession of the firearms and had taken Defendant's cell phone from him in order to sell them.

Defendant offered no evidence to contradict the allegations of the Government regarding the various technical violations of his supervised release.

The Court takes judicial notice of the affidavit of A.T.F. Agent Joe Patterson and the testimony of Joe Patterson at the preliminary and detention hearing. At that hearing, Agent Patterson testified about the events of January 22, 2010, and specifically about Defendant engaging agents in a vehicle pursuit and ramming his vehicle into that of the agent.

The Court finds that there is sufficient evidence before it, under a preponderance of evidence standard, to find that Defendant has violated the terms of his supervised release and that Defendant's supervised release should be revoked. After the hearing, Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 6 months, to be served consecutively to any other sentence being served, with no supervised release to follow.

**SIGNED this 24th day of February, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE